UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4837

JUKEN WASHINGTON GORDON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-97-63)

Submitted: August 25, 1998

Decided: September 23, 1998

Before MURNAGHAN, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert E. Barrat, Martinsburg, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, Miller A. Bushong, III, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Juken Washington Gordon was convicted of aiding and abetting possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994) and 18 U.S.C. § 2 (1994), and aiding and abetting interstate travel in promotion of a drug crime in violation of 18 U.S.C. §§ 2, 1952(a)(3) (1994). The district court sentenced Gordon to two concurrent 151 month terms of imprisonment. Gordon appeals his convictions and sentence.

In accordance with Anders v. California, [1] Gordon's attorney has filed a brief raising six issues, but stating that none of these issues are meritorious. Gordon has filed a pro se response in which he moves for appointment of new counsel and recites the issues raised in the brief submitted by his attorney. We conclude that the issues raised in Gordon's brief are indeed meritless. Accordingly, we affirm Gordon's convictions and sentence.

First, Gordon contends that had "the [G]overnment . . . notified and made full disclosure to [Gordon] of [one of] their [the Government's] witness' [sic] lavish lifestyle . . . the outcome of the trial would have been different, in that [Gordon] was wearing an inexpensive shirt and blue jeans while the witness was expensively dressed."[2] However, we conclude that the information the Government allegedly failed to disclose does not create "a reasonable probability that, had the evidence been disclosed to the defense, the proceeding would have been different."[3] Therefore, we decline to disturb Gordon's conviction on this ground.

Second, Gordon contends that his arrest was based upon an illegal search. This claim is meritless in that it was the uncontradicted testimony of the officers who arrested Gordon that Gordon voluntarily consented to the search. Therefore, we find no evidence of an illegal search.

---

[1] 386 U.S. 738 (1967).
[2] Appellant's Br. at 13-14.
[3] **United States v. Bagley**, 473 U.S. 667, 682 (1985).

2

Third, Gordon contends that the Government failed to prove the elements of the crimes of which he was convicted. However, after reviewing the evidence in the light most favorable to the Government, we are satisfied that there was sufficient ground for a reasonable jury to convict Gordon of the crimes with which he was charged.[4] Accordingly, we will not disturb his conviction on this ground.

Fourth, Gordon argues that his trial counsel was ineffective. We have long held that such claims are not properly brought on direct appeal, but rather, they must be advanced in a habeas corpus proceeding pursuant to 28 U.S.C. § 2255 unless it "conclusively appears" from the record that the representation was inadequate.[5] Because we find no such evidence of ineffective assistance in the record, we conclude that Gordon's ineffective assistance claims are not properly raised on direct appeal.

Fifth, Gordon contends that the court erred in not reducing his sentence. He argues that the district court should have reduced his sentence under the "safety valve" provision of USSG § 5C1.2, because Gordon was a "first time offender." However, § 5C1.2 requires that a defendant satisfy other criteria, such as cooperation with the Government. We find that no such cooperation took place, and thus Gordon was not entitled to the "safety valve" reduction. Therefore, this argument is meritless.

Sixth, we disagree with Gordon's argument that the amount of drugs used in computing his sentence was improperly attributed to him. Gordon's responsibility for this amount of drugs was adequately established at trial, and therefore use of this amount in sentencing was not error. Accordingly, we decline to disturb Gordon's sentence on this ground.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Gordon's conviction and sentence. In addition, we deny Gordon's motion for appointment of new counsel. We require that counsel inform his cli-

_____

[4] **See United States v. Jackson**, 863 F.2d 1168, 1173 (4th Cir. 1989).

[5] **See e.g.**, United States v. Matzkin, 14 F.3d 1014, 1017 (4th Cir. 1994).

3

ent, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the records and briefs, and oral argument would not aid the decisional process.

AFFIRMED